UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| S/V HELLO GORGEOUS (in rem), JODY WINNINGHAM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PORT OF PORT TOWNSEND,<br><br>　　　　　　Defendant. | CASE NO. 12-5099<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS AND ON THE MAY 18, 2012, ORDER TO SHOW CAUSE |

This matter comes before the Court on the Port of Port Townsend's ("Port") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b) and 56 for Lack of Subject Matter Jurisdiction (Dkt. 10) and this Court's May 18, 2012, Order to show cause why this case should not be dismissed for failure to follow the case scheduling orders (Dkt. 19). The Court has reviewed the pleadings filed in support of and in opposition to the motions, the remaining record, and is fully advised.

Mr. Winningham filed this case pro se. Dkt. 1. It arises from the Port of Port Townsend's alleged seizure and attempt to sell, at public auction, the sailing vessel Hello Gorgeous to satisfy outstanding port charges. Dkt. 1.

ORDER ON DEFENDANT'S MOTION TO
DISMISS AND ON THE MAY 18, 2012, ORDER
TO SHOW CAUSE- 1

## I. BACKGROUND FACTS AND PROCEDURAL POSTURE

The facts and procedural posture are contained in this Court's May 18, 2012, Order (Dkt. 19, at 1-5) and are adopted here by reference. As is relevant here, in that Order, Mr. Winningham's motion for appointment of counsel was denied and the Port's motion to dismiss for lack of subject matter jurisdiction was denied. Dkt. 19. The Court renoted the Port's motion for summary judgment after warning Mr. Winningham of the possible consequences if the motion was granted pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). *Id.* Mr. Winningham was further informed that he "may file a response to the motion for summary judgment, including declarations, depositions, answers to interrogatories, or authenticated documents, by June 4, 2012, and shall provide a copy of any such response to defendant's counsel by that date." *Id.* The Port was informed that it could, on or before June 8, 2012, file a reply. *Id.* Further, Mr. Winningham's failure to file a joint status report, as ordered in the initial scheduling orders was discussed. *Id.* On or before June 8, 2012, Mr. Winningham was ordered to show cause, if any he had, why the case should not be dismissed for failing to file a joint status report. *Id.*

No further pleadings have been filed by either party.

## II. DISCUSSION

**A. MOTION FOR SUMMARY JUDGMENT**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the

1 | burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue
2 | of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find
3 | for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
4 | (1986)(nonmoving party must present specific, significant probative evidence, not simply "some
5 | metaphysical doubt.").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a
6 | material fact exists if there is sufficient evidence supporting the claimed factual dispute,
7 | requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*
8 | *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*
9 | *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

10 |       The determination of the existence of a material fact is often a close question.  The court
11 | must consider the substantive evidentiary burden that the nonmoving party must meet at trial –
12 | e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.*
13 | *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor
14 | of the nonmoving party only when the facts specifically attested by that party contradict facts
15 | specifically attested by the moving party.  The nonmoving party may not merely state that it will
16 | discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial
17 | to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).
18 | Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not
19 | be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

20 |       **B.  THE PORT'S MOTION FOR SUMMARY JUDGMENT**
21 |       The Port has now pending a motion for summary dismissal pursuant to Fed. R. Civ. P.
22 | 56. Dkt. 10. The Port argues that the statute at issue is constitutional and its extra judicial self
23 | help remedy with the statues are lawful.  *Id.*
24 |

ORDER ON DEFENDANT'S MOTION TO
DISMISS AND ON THE MAY 18, 2012, ORDER
TO SHOW CAUSE- 3

1   The Court, having considered the civil complaint and the files and records, notified Mr.
2   Winningham of the requirements to respond to the Port's motion for summary judgment.  Dkt.
3   19 (*citing Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998)).

4   Mr. Winningham did not respond.  Mr. Winningham's prior filings indicated that he was
5   challenging "the Constitutionality and lawfulness of the Washington State RCWs 53.08.310-320
6   and implicates other federal, civil, and constitutional protections ( freedom rights) that are
7   afforded to all of us that live in the United States of America that support the Plaintiff's
8   position."  Dkt. 12, at 3.  He does not however, point to an issue of fact, or provide any legal
9   basis (other than these sweeping generalizations) why his claims should not be dismissed.
10  Further, pursuant to Western District of Washington Local Rule of Civil Procedure 7(b)(2), if a
11  party fails to respond to a motion, "such failure may be considered by the court as an admission
12  that the motion has merit."  Here, Mr. Winningham's failure to respond to the motion should be
13  considered as an admission that the motion has merit.  The Port's Motion for Summary Judgment
14  should be granted (Dkt. 10) and the case dismissed.

15  **C.  FAILURE TO FILE JOINT STATUS REPORT**

16  On February 14, 2012, the Court issued a Minute Order Regarding Initial Disclosures,
17  Joint Status Report, and Early Settlement.  Dkt. 5.  In that order, the Court directed that the
18  parties file a Combined Joint Status Report and Discovery Plan not later than May 14, 2012,
19  pursuant to Fed. R. Civ. P. 16 and Local Fed. R. Civ. P. 16(a).  *Id*.  On May 14, 2012, the Port
20  filed a status report, informing the Court that Plaintiff was unwilling to cooperate in filing a
21  Combined Joint Status Report and Discovery Plan.  Dkt. 17.

22  Fed. R. Civ. P. 16 (f)(1) provides that the court, on motion or on its own, may issue "any
23  just orders including those authorized by Fed. R. Civ. P. 37 (b)(2)(A)(ii)-(vii)" if a party "fails to

24

ORDER ON DEFENDANT'S MOTION TO
DISMISS AND ON THE MAY 18, 2012, ORDER
TO SHOW CAUSE- 4

1  obey a scheduling or other pretrial order." Under Fed. R. Civ. P. 37(b)(2)(A)(v), the court may
2  dismiss an action or proceeding in whole or in part for failure to obey a court order.
3      It is plaintiff's responsibility to initiate communications needed to comply with the
4  Court's orders requiring a Combined Joint Status Report and Discovery Plan, and he has not
5  shown that he has done so. Mr. Winningham was ordered to should show cause, if any he had,
6  why this case should not be dismissed without prejudice under Fed. R. Civ. P. 16(f)(1) and
7  37(b)(2)(A)(v) by June 8, 2012 for failing to obey a court order. Mr. Winningham failed to file a
8  response. Accordingly, pursuant to Fed. R. Civ. P. 16(f)(1) and 37(b)(2)(A)(v), this case should
9  be dismissed without prejudice for failing to obey the court's scheduling orders.

### III. ORDER

Accordingly it is **ORDERED** that:

- The Port's motion for summary dismissal pursuant to Fed. R. Civ. P. 56 (Dkt. 10) **IS GRANTED**;

- The Complaint is **DISMISSED** because Defendants are entitled to summary judgment and because Mr. Winningham failed to show cause why the case should not be dismissed for failing to obey a Court order.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of June, 2012.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT'S MOTION TO
DISMISS AND ON THE MAY 18, 2012, ORDER
TO SHOW CAUSE- 5